JOSEPH SPIESS v. ERIE RAILROAD COMPANY.

Argued February 19, 1904—Decided June 13, 1904.

1. It was error to submit to a trial jury whether from the evidence and from the reading of the contract on the back of a railroad ticket the jury find that the plaintiff believed he had a right to use the ticket.

2. The plaintiff was bound by the express condition on the ticket that the defendant assumed no responsibility beyond its own lines, on the thousand-mile ticket.

On appeal from the District Court.

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the plaintiff, *Mackay & Mackay.*

For the defendant, *Collins & Corbin.*

The opinion of the court was delivered by

VAN SYCKEL, J. The plaintiff claimed the right to ride on the Central Railroad of New Jersey on a thousand-mile ticket, issued to him by the Erie Railroad Company.

He was ejected by the Central Railroad Company from its car, and suit was brought by him against the Erie railroad, in which he recovered damages in the District Court, whence the case was brought into this court by an appeal.

The plaintiff accepted the ticket subject to conditions expressed in it.

1. The trial court was requested to charge the jury that the plaintiff was bound by the conditions contained in the ticket.

This request the District Court judge refused to charge, but did charge that the jury should determine "whether plaintiff believed he had a right to use the ticket."

This was error in law.

2. The contract provides "that in selling the ticket over another railroad the seller acts only as agent of such selling company and assumes no responsibility for the selling company beyond its own lives."

Motion was made to nonsuit and also to direct a verdict for the Erie company on this ground, which motions were improperly refused.

The judgment should be reversed.